WALKER (JONES v.). See Cases Nos. 7,-506 and 7,507.

## Case No. 17,076.
### WALKER v. KREMER.
[5 Reporter, 389; [1] 4 Wkly. Notes Cas. 544.]

Circuit Court, E. D. Pennsylvania. Jan. 5, 1878.

#### ILLEGAL CONTRACT—NEW PROMISE.

Where an illegal contract has been executed, a balance of account of moneys received thereunder can be recovered upon a new promise, the receipt of the moneys being a good consideration for such promise.

Bill in equity filed by the assignee of the State Insurance Company of Missouri, a foreign insolvent corporation, against its Pennsylvania general agents, setting forth an account stated by them, and praying that they should be decreed to pay the balance due thereon; or, if they denied the correctness of their account stated, make discovery and account. [A demurrer to the bill was heretofore overruled. Case No. 17,077.] The answer set up, inter alia, the fact that during the period when the collections were made the company had not complied with the Pennsylvania statutes requiring a foreign insurance company to pay a license fee, &c.. to the state. The case was argued on this point only.

A. Sydney Biddle. for plaintiff.

The principle is, that where the illegal agreement is the total foundation of the suit the plaintiff cannot recover; but where the original contract has been executed, so that the plaintiff merely seeks to recover its results, if the defendant's relation to the property held by him is such as to afford a good consideration for a new promise, express or implied, the plaintiff may recover. Lestapies v. Ingraham, 5 Barr [5 Pa. St.] 81; Fox v. Cash, 1 Jones [11 Pa. St] 211; Evans v. Dravo, 12 Harris [24 Pa. St.] 62. The new promise need not be express. It is sufficient if the illegal contract has been executed, and the result, i. e. the funds produced by it,

would be a sufficient consideration for a new promise if one had been proved. Besides. here we have an account stated.

J. L. Ferriere, contra.

The case is determined by Thorne v. Travellers' Ins. Co., 30 Smith [80 Pa. St.] 15. [The policy of the insurance acts is clearly stated there. The propositions of the plaintiff are incorrect deductions from a well-known principle. The leading case is Faikney v. Reynous, 4 Burrows, 2069; but there the bond on which suit was brought was given by the partner whose share of the illegal losses had been paid by the plaintiff. The consideration was not the contracting, but the paying, of the illegal debt.] [2] How can the plaintiff prove his case without showing that he has violated the statute? This is the true test.

(McKENNAN, Circuit Judge. May he not rely upon the account stated, without averring anything more than mutual dealings, which will give him a footing here? Does not the principle of the cases show that you are debarred from proving the original contract to be fraudulent?)

The Penn. cases cited are in conflict with Armstrong v. Toler, 11 Wheat. [24 U. S.] 267 [in which the opinion was delivered by Marshall, C. J. The law is there stated (page 271) to be, that "no action can be maintained on a contract the consideration of which is prohibited by law."] [2]

Before McKENNAN, Circuit Judge, and CADWALADER, District Judge.

McKENNAN, Circuit Judge. The case is a very doubtful one, and my opinion has wavered during the argument. The Pennsylvania cases cited by Mr. Biddle certainly seem to establish his proposition, but it may be doubted whether they are not in conflict with the decision of the supreme court of the United States in Armstrong v. Toler, supra. On the whole, I am inclined to direct the defendant to account.

CADWALADER, District Judge. I am inclined to agree with Mr. Ferriere's argument, and if he wishes to take the case further, would (as the amount is less than $5,000) certify to a difference of opinion. The principle is extremely important. and it may be questioned whether C. J. Gibson has not abandoned the rule in his statement of the corollaries to be drawn from it.

Afterwards (January 8, 1878) the court entered a decree for an account, CADWALADER, District Judge, saying, that on further consideration he concurred with McKENNAN, Circuit Judge. as to defendant's liability to account.

[1] [Reprinted from 5 Reporter, 389, by permission.]

[2] [From 4 Wkly. Notes Cas. 544.]